IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL E. DIAZ,

        Plaintiff,                       No. CIV S-04-2375 MCE JFM P

    vs.

STATE OF CALIFORNIA, et al.,

        Defendants.             <u>ORDER</u>

                          /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed March 31, 2005, plaintiff's original complaint was dismissed with leave to file an amended complaint. Plaintiff failed to timely file an amended complaint, and on August 5, 2005, this court therefore issued findings and recommendations recommending dismissal of this action be dismissed without prejudice. On August 9, 2005, plaintiff filed a proposed amended complaint, and on September 1, 2005, plaintiff filed objections to the findings and recommendations and a copy of his proposed amended complaint. Good cause appearing, the findings and recommendations will be vacated.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

1

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his amended complaint, plaintiff alleges deliberate indifference to serious medical needs and retaliation. Plaintiff names sixteen defendants by name and fourteen Doe defendants. The amended complaint includes charging allegations against seven other individuals who are not specifically identified as defendants in either the caption of the amended complaint or the section thereof for listing the named defendants.

/////

/////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

As in his original complaint, plaintiff has again named the Governor of the State of California, the Director of the Department of Finance, the Secretary of the California Youth and Adult Authority, the Director of Health Care Services, Warden Carey, Associate Warden Valadez, and Captain Rodriguez. Once again there are no allegations linking these defendants to the events complained of, and they appear to have been named as defendants solely because of their positions. None of these individuals should be named as defendants should plaintiff choose to file a second amended complaint.


Plaintiff's amended complaint appears to state cognizable Eighth Amendment and retaliation claims against both individuals specifically identified as defendants in this action and against other individuals against whom allegations are made in the body of the complaint. The Federal Rules of Civil Procedure require that all defendants be named in the caption of the complaint. See Fed. R. Civ. P. 10(a). Where, as here, plaintiff has named some defendants in the caption of his complaint and has alleged misdeeds by other individuals in the body of the complaint, the court is unable to determine which individuals are proper defendants in this action. For that reason, the amended complaint will be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to filed a second amended complaint, plaintiff should not include any of the supervisory personnel listed above. In addition, he must specifically list every named defendant in the caption of the second amended complaint. See Fed. R. Civ. P. 10(d). The court will not order service of process on any individual not listed in the caption of the second amended complaint. In the second amended, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

1  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the
2  prior pleadings no longer serve any function in the case.  Therefore, in a second amended
3  complaint, as in any prior complaint, each claim and the involvement of each defendant must be
4  sufficiently alleged.
5         On September 1, 2005, plaintiff filed a motion for injunctive relief.  Plaintiff's
6  motion is predicated on events that allegedly occurred on November 11, 2004.  The court will not
7  entertain any motion for injunctive relief unless and until plaintiff has filed a proper complaint on
8  which this action can proceed.  Plaintiff's motion will be denied without prejudice.
9         In accordance with the above, IT IS HEREBY ORDERED that:
10            1.  The findings and recommendations filed August 5, 2005 are vacated;
11            2.  Plaintiff's amended complaint is dismissed.
12            3.  Plaintiff is granted thirty days from the date of service of this order to file a
13  second amended complaint that complies with the requirements of the Civil Rights Act, the
14  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint
15  must bear the docket number assigned this case and must be labeled "Second Amended
16  Complaint"; plaintiff must file an original and two copies of the second amended complaint;
17  failure to file a second amended complaint in accordance with this order will result in a
18  recommendation that this action be dismissed.
19            4.  Plaintiff's September 1, 2005 motion is denied without prejudice.
20  DATED: September 19, 2005.

                                    UNITED STATES MAGISTRATE JUDGE

/12
diaz2375.142