IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL E. DIAZ,

      Plaintiff,                      No. CIV S-04-2375 MCE JFM P

     vs.

STATE OF CALIFORNIA, et al.,

      Defendants.           <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By orders filed March 31, 2005, and September 20, 2005, plaintiff's original and amended complaints were dismissed with leave to amend. After receiving several extensions of time, on April 25, 2006, plaintiff filed a second amended complaint.[1]

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

---

[1] On November 8, 2006, plaintiff filed a copy of part of the second amended complaint.

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

As with his previous complaints, in his second amended complaint, plaintiff alleges deliberate indifference to serious medical needs and retaliation.  Plaintiff also attempts to raise claims under the Americans With Disabilities Act and claims of racial discrimination. Plaintiff refers to numerous individuals in the second amended complaint but does not specifically identify which of them he intends to name as defendants in this action.[2]

/////

---

[2] The second amended complaint also refers to "defendants," but does not specifically identify any by name.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's second amended complaint may contain one or more cognizable claims cognizable in this § 1983 action against individuals against whom allegations are made in the body of the complaint. However, none of the individuals are specifically identified as defendants anywhere in the second amended complaint. As plaintiff was previously informed, the Federal Rules of Civil Procedure require that all defendants be named in the caption of the complaint. See Fed. R. Civ. P. 10(a). Where, as here, plaintiff has not named any individual defendants in the caption of his complaint and has alleged various misdeeds by several individuals in the body

of the complaint, the court is unable to determine which individuals are proper defendants in this action.  For that reason, the second amended complaint will be dismissed.  The court will grant plaintiff one final opportunity to amend his complaint.

If plaintiff chooses to filed a third amended complaint, it must be prepared on the form provided with this order.  Plaintiff must specifically list every named defendant in the caption of the third amended complaint, see Fed. R. Civ. P. 10(d), as well as on the section of the form provided for identifying defendants. The court will not order service of process on any individual not specifically listed in the caption of the third amended complaint and in the section provided for identifying defendants.  In the third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the third amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the prior pleadings no longer serve any function in the case.  Therefore, in a third amended complaint, as in any prior complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

On November 8, 2006, plaintiff filed a motion for injunctive relief. Given plaintiff's repeated contentions that he has repeatedly been denied insulin necessary for proper treatment of his diabetic condition, the court will direct the Office of the Attorney General to respond to these contentions in the motion for injunctive relief.

On December 14, 2006, plaintiff filed a motion for appointment of a special master. The appointment of a special master is not supported by the record in this action. Plaintiff's motion will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must be completed on the form provided with this order, must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff the court's form civil rights complaint for a state prisoner and accompanying instructions.

4. Plaintiff's December 14, 2006 motion for appointment of a special master is denied.

5. The Clerk of the Court is directed to serve a copy of plaintiff's November 8, 2006 motion for preliminary injunction on Constance Picciano, Deputy Attorney General.

/////
/////
/////
/////

1    6. Within twenty days from the date of this order, the Attorney General of the
State of California or his designee shall report to the court on the status of plaintiff's access to
insulin and such other care as is medical necessary for management of his diabetes.

DATED: February 21, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/12
diaz2375.143